## STATE OF MAINE vs. JOHN B. MORIN.

### York.    Opinion December 18, 1906.

*Evidence.   Admissions.   Explanations.   R. S., chapter 29, section 49.*

The defendant was tried upon an indictment charging him with keeping and maintaining a liquor nuisance. The State proved that during the period covered by the indictment, the defendant had paid a United States special tax as a retail liquor dealer. The defendant offered to show the circumstances in relation to his taking out this license, and why the tax had been paid by him, which evidence was excluded.

The fact of the payment of this special tax is equivalent to an admission claimed to have been made. But it is always competent, not only to deny the fact of an admission, but, as well, to explain its significance by showing other facts which may have that effect. The real question as to the importance and weight of the fact of the payment of this tax, is as to the intent of the person who made the payment at the time, and whenever the intent of a person is relevant to the issue that person may testify as to what his intention was, although the value of such testimony is always for the jury.

*Held:* that the defendant was entitled to make an explanation of the fact relied upon by the State and to have the jury consider it in connection with that fact.

On exceptions by defendant.    Sustained.

Indictment against the defendant for keeping and maintaining a liquor nuisance at Biddeford. Tried at the May term, 1906, of the Supreme Judicial Court, York County. Verdict, guilty. During the trial, the State proved that in January, 1905, during the period covered by the indictment, the defendant paid a United States special tax as a retail liquor dealer. (See Revised Statutes, chapter 29, section 49.) The defendant then "offered to explain why and how he came to pay the tax," which evidence was excluded by the presiding Justice. To this ruling the defendant took exceptions.

The case appears in the opinion.

*George L. Emery,* County Attorney, for the State.

*George F. & Leroy Haley and John P. Deering,* for defendant.

SITTING:   WISWELL,   C.  J.,   EMERY,   WHITEHOUSE,   SAVAGE,
SPEAR,  JJ.

WISWELL,  C.  J.    The defendant was tried upon an indictment
charging him with maintaining a liquor nuisance between July 1,
1904, and the day of the finding of the indictment, at the May term,
1905, of the court.   The State proved that in January, 1905, during
the period covered by the indictment, the defendant paid a United
States special tax as a retail liquor dealer.   Thereupon counsel for
the defendant sought by various questions asked of the defendant to
show the circumstances in relation to his taking out this license, and
why the tax had been paid by him, one question being:   Why did
you pay this special tax?"   The question, and others of a similar
character asked for the same general purpose were excluded.   We
think that this was erroneous.

It is provided by one of the clauses of R. S., c. 29, sec. 49, that:
"The payment of the United States special tax as a liquor seller
.  .  .  .   shall be held to be prima facie evidence that the per-
son or persons paying said tax,  .  .  .  .   are common sellers of
intoxicating liquors, and the premises so kept by them common
nuisances."   This provision was construed in State v. Intoxicating
Liquors, 80 Maine, 57, wherein it was declared by the court that
the meaning of this clause was that "such evidence is competent
and sufficient to satisfy a jury in finding the defendant guilty, pro-
vided it does, in fact, satisfy them of his guilt beyond a reasonable
doubt, and not otherwise."   This was affirmed in State v. O'Connell,
82 Maine, 30.

That is the weight to be given to the fact of the payment of this
special tax, upon the question of the guilt of the person paying the
tax, is entirely for the jury.   The process of reasoning, by which
guilt may be inferred from this fact, is that it is probable, or, at
least, more probable than otherwise, that a person would not pay a
tax as a liquor dealer unless he intended to engage in that business,
and that consequently it is a proper inference by induction from the
fact of such payment that he is engaged in such business.   But it is
not impossible that the fact of the payment of this tax may be con-

sistent with some other hypothesis. For instance, suppose a duly appointed liquor agent should be informed by an official connected with the internal revenue department of the United States that it was necessary for him as a liquor agent to pay this special tax, and believing that this was necessary, and solely for the purpose of complying with the requirements of the United States laws, he pays the special tax, would it not be admissible for him to explain the circumstances of the payment and the reasons why he made the payment. It is equally true that the payment of the tax may be consistent with some other hypothesis besides that of an intention to engage in the business of unlawfully selling liquor.

As said by Prof. Wigmore in his work on evidence, Vol. I, sec. 31: "The peculiar danger, then, of inductive proof is that there may be other explanations than the desired one for the fact taken as the basis of proof." For this reason, whenever a fact is relied upon as tending to prove a proposition, it must be competent and proper to offer an explanation of that fact for the purpose of show-ing that whatever inference may be ordinarily drawn therefrom, that the fact relied upon is consistent with some other hypothesis or to show, by the explanation offered, that the probable inference, or the inference desired to be drawn from the fact, is not the true one. "On the general logical principle of explanation the opponent may always introduce such facts as serve to explain away on some other hypothesis the apparent significance of the fraudulent conduct." Wigmore on Evidence, sec. 281. The rule is, of course, the same when the explanation offered is to explain away on some other hypothesis the apparent significance of some fact relied upon.

The fact of the payment of this special tax is equivalent to an admission claimed to have been made. But it is always competent, not only to deny the fact of the admission, but, as well, to explain its significance by showing other facts which may have that effect. The real question as to the importance and weight of the fact of the payment of this tax, is as to the intent of the person who made the payment at the time. It is well settled that whenever the intent of a person is relevant to the issue that person may testify as to what his intention was. The value of such testimony is, of course, always

for the jury. The explanation offered in any case may be valueless and unsatisfactory, but the defendant in this case was entitled to make an explanation of the fact relied upon by the State, and to have the jury consider it in connection with that fact.

*Exceptions sustained.*